✎AO 245I (CASD) (Rev. 12/11) Judgment in a Criminal Petty Case
Sheet 1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| SERVI-TEK, INC (1) | Case Number: 16CR1483-BGS |
| | STEPHEN R. COOK |
| | Defendant's Attorney |

**REGISTRATION NO.**

☒ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P.36)

**THE DEFENDANT:**
☒ pleaded guilty to count(s) ONE OF THE MISDEMEANOR INFOMATION
☐ was found guilty on count(s) _____
   after a plea of not guilty.
   Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| **Title & Section** | **Nature of Offense** | **Count Number(s)** |
|---|---|---|
| 8 USC 1324a(a)(2),(f)(1) | Pattern and Practice of Continuing the Unlawful Employment of Aliens | 1 |

The defendant is sentenced as provided in pages 2 through __4__ of this judgment.

☐ The defendant has been found not guilty on count(s) _____
☐ Count(s) _____ is ☐ are ☐ dismissed on the motion of the United States.
☒ Assessment: $10.00 Remitted

☒ See fine page    ☐ Forfeiture pursuant to order filed _____, included herein.

   IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

JUNE 29, 2016
Date of Imposition of Sentence

*[signature]*
HON. BERNARD G. SKOMAL
UNITED STATES MAGISTRATE JUDGE

16CR1483-BGS

AO 245I (CASD)  (Rev. 12/11) Judgment in a Criminal Petty Case
Sheet 3 -- Probation

Judgment—Page  2  of  4

DEFENDANT: SERVI-TEK, INC (1)
CASE NUMBER: 16CR1483-BGS

## UNSUPERVISED PROBATION

The defendant is hereby sentenced to probation for a term of :

ONE (1) YEAR UNSUPERVISED

The defendant shall not commit another federal, state, or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than  4  drug tests per month during the term of supervision, unless otherwise ordered by court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check, if applicable.)

☐ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☐ The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC sections 3563(a)(7) and 3583(d).

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.  (Check if applicable.)

☐ The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

If this judgment imposes a fine or restitution obligation, it is a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:       SERVI-TEK, INC (1)
CASE NUMBER:     16CR1483-BGS

## SPECIAL CONDITIONS OF UNSUPERVISED PROBATION

1) Defendant shall not knowingly violate any federal, state, or local law, including, but not limited to hiring, recruiting, or employing aliens who are without legal authorization to work in the United States;
2) Defendant will implement and maintain a compliance program that requires Defendant's officers and employees to take reasonable steps to comply with immigration laws in their employment practices;
3) Amend Defendant's job application to require applicants to state whether they have previously worked for the company;
4) Check the names of all employees on a quarterly basis against the "No Hire" lists provided or issued to Defendant by the Department of Homeland Security;
5) If using third-party companies to hire employees for any purpose, use only those companies for which Defendant has received written verification of the applicant's lawful status to work in the United States;
6) Institute and maintain an anonymous internal "tip line" for employees to internally report suspected immigration violations;
7) Arrange for a semi-annual I-9 audit by an external auditing firm or a trained employee not otherwise involved in the I-9 process, and submit the report to the Department of Homeland Security not later than ten days after the report has been finalized;
8) Submit a quarterly report to the Department of Homeland Security to track results and assess the effect of the compliance measures, which should include: (1) identification of all employees currently employed by the company; (2) identification of any employees removed from employment for immigration reasons, including any applicants or employees that failed E-Verify or the I-9 process; (3) identification of any employees who are known to defendant to have changed their names or presented different identification documents to the company; (4) all changes in ownership, mergers and acquisitions, and dissolution; (5) identification of any vulnerabilities that are found to be exploited by employees and unlawful aliens;
9) Defendant will train all of its managers and personnel responsible for hiring regarding their legal obligations to not knowingly recruit, hire, or employ persons who are not authorized to work in the United States;
10) Defendant will cooperated fully with the Department of Homeland Security's administrative I-9 investigation, including complying with instructions contained in any Notice of Suspected Documents issued as part of the administrative review process, and will consent to any unannounced I-9 audit at any time within business hours during the term of probation imposed by the Court;
11) Defendant must pay the fine in full before probation terminates.

AO 245S (CASD Rev. 08/13) Amended Judgment in a Criminal Case

| | |
|---|---|
| DEFENDANT: SERVI-TEK, INC. | Judgment - Page **4** of **4** |
| CASE NUMBER:     16CR1483-BGS | |

## FINE

The defendant shall pay a fine in the amount of   $20,000   unto the United States of America.

To be paid within the term of probation period.

This sum shall be paid    ☐    Immediately.

The Court has determined that the defendant   does not   have the ability to pay interest. It is ordered that:

☐   The interest requirement is waived